**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **HUMBERTO RAMIREZ, JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-506-Y |
| § | |
| **NATHANIEL QUARTERMAN, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Humberto Ramirez, Jr., TDCJ #1105411, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.      PROCEDURAL BACKGROUND**

Ramirez is serving a nine-year sentence for a 2001 conviction for injury to a child in case no. 0744433D in the 396th District Court of Tarrant County, Texas. (State Habeas R. at 37.) Although eligible for mandatory supervision release, Ramirez has been denied release by the Texas Board of Pardons and Paroles (the Board) on three occasions, December 15, 2003, November 12, 2004, and November 9, 2005. (Resp't Motion to Dismiss at 3-4 & Exhibit A.) His next review date is December 2006. (*Id.*, Exhibit A at 4.) Ramirez was apparently designated to "serve all" for purposes of parole considerations. (*Id.* at 4; Pet'r Memorandum in Support at 5.)

**D.      ISSUES**

In two grounds, Ramirez claims the Board (1) illegally and unconstitutionally denied him release to mandatory supervision and (2) failed to comply with the requirements of Chapter 58 of the Texas Government Code in violation of his due process rights. (Petition at 7.)

**E.      RULE 5 STATEMENT**

Quarterman believes that Ramirez has exhausted his state court remedies as to his claims. *See* 28 U.S.C. §§ 2244, 2254(b) (Resp't Motion to Dismiss at 2.)

**F.      STATUTE OF LIMITATIONS**

Quarterman argues that Humberto's petition is barred by the federal one-year statute of limitations. (Resp't Answer at 3-5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Ramirez could have discovered, through the exercise of due diligence, the factual predicate of his claims. To the extent Ramirez's claims pertain to the Board's denials of mandatory supervision release, the factual predicate of the claims was discoverable on December 15, 2003, November 12, 2004, and November 9, 2005, the dates his release was denied. Accordingly, the one-year statute of limitations began to run on December 15, 2003, November 12, 2004, and November 9, 2005, respectively, and expired one year later on December 15, 2004, November 12, 2005, and November 9, 2006, absent any applicable tolling. Thus, the petition, filed on July 15, 2006, is untimely as to the Board's December 15, 2003 and November 12, 2004 denials. The petition is timely with respect to the November 12, 2005 denial.

3

To the extent Ramirez's claims pertain to the Board's denial of his release to parole, he acknowledges that his initial parole review was held on July 20, 2002, and that he was sent a "Serve All" notice by the Board. (Pet'r Memorandum in Support at 5.) The factual predicate of the claims was therefore discoverable on July 20, 2002, or shortly thereafter, and the one-year limitations period began on that date and expired one year later on July 20, 2003. The petition is therefore untimely as to the Board's denial of parole.[1]

## G. DISCUSSION

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that

---

[1] Even if Ramirez's petition were timely, his claim does not provide a basis for federal habeas corpus relief. A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole or to interview a petitioner for parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Ramirez's reliance on case law relevant to the release to mandatory supervision is inapposite.

reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493

---

[2] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

*2. Application*

Ramirez claims that his constitutional right to due process has been violated by the Board's application of § 508.149(b), the discretionary mandatory supervision statute, to deny him release to mandatory supervision. TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004). According to Ramirez, the statute is unconstitutional because it is clearly "general" in that, although an inmate may be eligible, the statute can be used by the Board to deny mandatory supervision release to any one or all inmates in general. (Petition at 7; Pet'r Memorandum in Support at 2-4.)

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). As noted, *infra* footnote 2, a state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz*, 442 U.S. at 7. Nevertheless, the Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful

6

opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

At the time of the Board's November 2004 denial, presumably Ramirez was notified that the Board would review his file again in December 2005. (Pet'r Memorandum in Support, Exhibits 3 & 4.)[3] Thereafter, on November 9, 2005, the Board decided to deny Ramirez discretionary mandatory supervision release and notified him of its decision and the reasons for its decision. (*Id.* at 3.) Accordingly, as a matter of state law, Ramirez was afforded all the due process he was entitled. Ramirez has failed to demonstrate that the state court's adjudication of his claim is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II. RECOMMENDATION

It is therefore recommended that Quarterman's motion to dismiss be GRANTED as to Ramirez's first ground, in part, and his second ground on limitations grounds and that his remaining claim addressed on the merits herein be DENIED.

---

[3] Although the parties did not provide a copy of the notice of parole decision as to the November 2004 denial, Ramirez did provide copies of the notice of parole decision as to the December 2003 and November 2005 denials. (Pet'r Memorandum in Support, Exhibits 3 & 4.)

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 14, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 14, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 24, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE